UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNETTE ROBINSON

    Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP,
INC., ANTHONY DESTEFANO, and
MATTHEW FRANKEL,

    Defendants.

Case No. 08-CV-01724 (LAK)(JWG)

### Stipulated Discovery Protective Order

This matter comes before the Court on the parties' joint request for entry of the following Stipulated Discovery Protective Order. Discovery is ongoing and the parties are seeking, and may in the future seek, information (in whatever form) that may be considered confidential by the disclosing party. The Court acknowledges and agrees with the parties' desire to protect such information from unauthorized, unnecessary disclosure.

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED that the following principles and procedures designed to assure the protection of confidential or proprietary information shall govern any and all discovery in this action:

1.    If any party in good faith believes that any information sought during the course of discovery is confidential or proprietary ("Confidential Information"), it will conspicuously identify and/or mark such information as "CONFIDENTIAL".

2.    All information produced or exchanged in the course of this litigation which has been designated by a party as Confidential Information shall be used solely for the purpose of pursuing and/or defending the claims in this action and for no other purpose whatsoever, and,

thus, shall not be, directly or indirectly, disclosed, transferred or communicated in any manner to any person except those listed in Paragraph 3 and only in accordance with the terms set forth in this Order.

3. Without limitation, this Order applies to and governs the following:

(a) All parties' attorneys of record in this litigation, including employees of such attorneys, to whom it is necessary that the material be shown for purposes of this litigation;

(b) All named parties in this litigation;

(c) Actual or potential independent experts, consultants, or witnesses; and

(d) Any third parties engaged in the business of copying (e.g., Kinko's), solely for the purpose of copying.

4. If any Confidential Information is to be disclosed to any person listed in Paragraph 3(c) or (d) above, such person must first be provided a copy of this Stipulated Discovery Protective Order and must agree in writing to be bound by its terms prior to gaining access to any Confidential Information by executing a copy of the attached Exhibit A. Counsel for the party who has disclosed any Confidential Information to any third party will maintain all such written acknowledgements and the party disclosing the Confidential Information to any such persons shall have the duty to reasonably ensure that such person observes the terms of this Stipulated Discovery Protective Order.

5. Documents and/or information in electronic form produced in this action may be designated by any party or parties as Confidential Information by marking each document(s) or each electronic reproduction being so designated as "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6. All medical, health or psychiatric records or information of Plaintiff produced, exchanged or obtained in the course of this litigation, including any such record or information obtained pursuant to subpoena and/or HIPPA authorization shall automatically constitute Confidential Information without further designation.

7. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, or at the deposition of a third party witness (when such information is used to question that witness), may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Any party may also designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within five (5) business days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. All deposition transcripts shall be treated as Confidential Information for the five (5) business day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision. Nothing in this provision waives the right of any party or party representative to be present during depositions.

8. Nothing herein shall be construed to limit a party's right to either (a) introduce Confidential Information as exhibits during a public hearing or trial, provided the producing party is afforded reasonable advance notice of such use by the using party and is further permitted to designate such testimony, or any portion thereof, in which Confidential Information is used or referenced as "Confidential" and subject to this Order; or (b) attach Confidential Information to either pleadings or motions or to correspondence to the attorneys of

record in this case.

9. All Confidential Information of the producing party, and any copies, abstracts or summaries thereof, shall be retained in the exclusive custody of the receiving party or its attorneys at all times while this litigation is pending.

10. If, during the course of this litigation, any party inadvertently produces privileged material, such inadvertent production will not constitute a waiver of any applicable privilege or otherwise entitle the receiving party to production of such material. The producing party shall notify the receiving party of any such inadvertent production. Once notified, the receiving party shall not disclose, copy, reproduce, abstract or summarize (electronically or otherwise) any privileged material. Once notified, the receiving party shall (i) promptly return or destroy any privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), and (ii) verify same in writing to the producing party. If, prior to being notified, the receiving party disclosed any privileged material in any way, it shall (i) promptly take all reasonable steps to retrieve such privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), (ii) promptly return or destroy such privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), and (iii) verify same in writing to the producing party.

11. Within sixty (60) days after either the conclusion of this litigation or any appeal thereof, the receiving party shall return any Confidential Information, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), to the disclosing party's attorneys of record and verify in writing and under oath that any and all remaining versions of the Confidential Information have been returned or destroyed, with the exception of any such information protected by the attorney work-product doctrine and being maintained in the

exclusive custody of a party's attorney.

12. This Order's provisions restricting the communication and use of any Confidential Information produced under its terms shall continue to be binding after the conclusion of this litigation.

Dated: May 14, 2008

_____
Vincent I. Eke-Nweke (VE-5282)
VEkenweke@aol.com
Law office of Vincent I. Eke-Nweke, P.C.
498 Atlantic Avenue
Brooklyn, NY 11217
(718) 852-8300

Counsel for Plaintiff

Dated: May 14, 2008

_____
Michael J. Sheehan (MS-2958)
(*Pro Hac Vice*)
Michael.Sheehan@dbr.com
Kristine Aubin (KA-3689)
(*Pro Hac Vice*)
Kristine.Aubin@dbr.com
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

Janice B. Grubin (JG-1544)
Janice.Grubin@dbr.com
Drinker Biddle & Reath, LLP
140 Broadway, 39th Floor
New York, NY 10005
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

Attorneys for Defendants American International Group, Inc., Anthony DeStefano and Matthew Frankel

**SO ORDERED:**

Dated: May ____, 2008

_____
Lewis A. Kaplan
United States District Judge

[Handwritten: Any party or non-party granted leave to intervene may challenge the designation of any material as confidential in which event the designating party shall have the burden of establishing good cause for continued confidential treatment.]

[Handwritten: Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after 5/14, 2013 unless the Court otherwise orders.]

SO ORDERED.
Dated: 5/14/08

_____
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LYNETTE ROBINSON

    Plaintiff,

v.

AMERICAN INTERNATIONAL GROUP,
INC., ANTHONY DESTEFANO, and
MATTHEW FRANKEL,

    Defendants.

Case No. 08-CV-01724 (LAK)(JWG)

I acknowledge and state the following:

1. My current full name and address is:

_____

_____

2. Prior to receiving any information designated or marked as "Confidential," I was provided a copy of the Stipulated Discovery Protective Order in the above-captioned action, which I have fully read and understand.

3. I agree to be bound by the terms of the Stipulated Protective Order and to submit to the jurisdiction of the United States District Court for the Southern District of New York concerning the enforcement of its terms.

4. I agree not to discuss, disclose, or otherwise reveal in any way any information subject to the Stipulated Discovery Protective Order, except to such persons who are expressly permitted by its terms to view such information.

Date: _____

Signature: _____

KAPLAN 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNETTE ROBINSON | : |
| Plaintiff, | : |
| v. | : Case No. 08-CV-01724 (LAK)(JWG) |
| AMERICAN INTERNATIONAL GROUP, INC., ANTHONY DESTEFANO, and MATTHEW FRANKEL, | : |
| Defendants. | : |

## Stipulated Discovery Protective Order

This matter comes before the Court on the parties' joint request for entry of the following Stipulated Discovery Protective Order. Discovery is ongoing and the parties are seeking, and may in the future seek, information (in whatever form) that may be considered confidential by the disclosing party. The Court acknowledges and agrees with the parties' desire to protect such information from unauthorized, unnecessary disclosure.

THEREFORE, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS ORDERED that the following principles and procedures designed to assure the protection of confidential or proprietary information shall govern any and all discovery in this action:

1.  If any party in good faith believes that any information sought during the course of discovery is confidential or proprietary ("Confidential Information"), it will conspicuously identify and/or mark such information as "CONFIDENTIAL".

2.  All information produced or exchanged in the course of this litigation which has been designated by a party as Confidential Information shall be used solely for the purpose of pursuing and/or defending the claims in this action and for no other purpose whatsoever, and,

thus, shall not be, directly or indirectly, disclosed, transferred or communicated in any manner to any person except those listed in Paragraph 3 and only in accordance with the terms set forth in this Order.

3. Without limitation, this Order applies to and governs the following:

(a) All parties' attorneys of record in this litigation, including employees of such attorneys, to whom it is necessary that the material be shown for purposes of this litigation;

(b) All named parties in this litigation;

(c) Actual or potential independent experts, consultants, or witnesses; and

(d) Any third parties engaged in the business of copying (e.g., Kinko's), solely for the purpose of copying.

4. If any Confidential Information is to be disclosed to any person listed in Paragraph 3(c) or (d) above, such person must first be provided a copy of this Stipulated Discovery Protective Order and must agree in writing to be bound by its terms prior to gaining access to any Confidential Information by executing a copy of the attached Exhibit A. Counsel for the party who has disclosed any Confidential Information to any third party will maintain all such written acknowledgements and the party disclosing the Confidential Information to any such persons shall have the duty to reasonably ensure that such person observes the terms of this Stipulated Discovery Protective Order.

5. Documents and/or information in electronic form produced in this action may be designated by any party or parties as Confidential Information by marking each document(s) or each electronic reproduction being so designated as "Confidential." In lieu of marking the original of a document, if the original is not produced, the designating party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6. All medical, health or psychiatric records or information of Plaintiff produced, exchanged or obtained in the course of this litigation, including any such record or information obtained pursuant to subpoena and/or HIPPA authorization shall automatically constitute Confidential Information without further designation.

7. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained for the purpose of this litigation, or at the deposition of a third party witness (when such information is used to question that witness), may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Any party may also designate information disclosed at such deposition as Confidential Information by notifying all of the parties in writing within five (5) business days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as Confidential Information thereafter. All deposition transcripts shall be treated as Confidential Information for the five (5) business day interim between receipt of the transcript and any specific designations subsequently made in accordance with this provision. Nothing in this provision waives the right of any party or party representative to be present during depositions.

8. Nothing herein shall be construed to limit a party's right to either (a) introduce Confidential Information as exhibits during a public hearing or trial, provided the producing party is afforded reasonable advance notice of such use by the using party and is further permitted to designate such testimony, or any portion thereof, in which Confidential Information is used or referenced as "Confidential" and subject to this Order; or (b) attach Confidential Information to either pleadings or motions or to correspondence to the attorneys of

record in this case.

9. All Confidential Information of the producing party, and any copies, abstracts or summaries thereof, shall be retained in the exclusive custody of the receiving party or its attorneys at all times while this litigation is pending.

10. If, during the course of this litigation, any party inadvertently produces privileged material, such inadvertent production will not constitute a waiver of any applicable privilege or otherwise entitle the receiving party to production of such material. The producing party shall notify the receiving party of any such inadvertent production. Once notified, the receiving party shall not disclose, copy, reproduce, abstract or summarize (electronically or otherwise) any privileged material. Once notified, the receiving party shall (i) promptly return or destroy any privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), and (ii) verify same in writing to the producing party. If, prior to being notified, the receiving party disclosed any privileged material in any way, it shall (i) promptly take all reasonable steps to retrieve such privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), (ii) promptly return or destroy such privileged material, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), and (iii) verify same in writing to the producing party.

11. Within sixty (60) days after either the conclusion of this litigation or any appeal thereof, the receiving party shall return any Confidential Information, including any copies, reproductions, abstracts or summaries thereof (electronic or otherwise), to the disclosing party's attorneys of record and verify in writing and under oath that any and all remaining versions of the Confidential Information have been returned or destroyed, with the exception of any such information protected by the attorney work-product doctrine and being maintained in the

exclusive custody of a party's attorney.

12. This Order's provisions restricting the communication and use of any Confidential Information produced under its terms shall continue to be binding after the conclusion of this litigation.

Dated: May 14, 2008

*[signature]*

Vincent I. Eke-Nweke (VE-5282)
VEkenweke@aol.com
Law office of Vincent I. Eke-Nweke, P.C.
498 Atlantic Avenue
Brooklyn, NY 11217
(718) 852-8300

Counsel for Plaintiff

Dated: May 14, 2008

*[signature]*

Michael J. Sheehan (MS-2958)
(*Pro Hac Vice*)
Michael.Sheehan@dbr.com
Kristine Aubin (KA-3689)
(*Pro Hac Vice*)
Kristine.Aubin@dbr.com
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

Janice B. Grubin (JG-1544)
Janice.Grubin@dbr.com
Drinker Biddle & Reath, LLP
140 Broadway, 39th Floor
New York, NY 10005
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

Attorneys for Defendants American International Group, Inc., Anthony DeStefano and Matthew Frankel

**SO ORDERED:**

Dated: May _____, 2008

_____
Lewis A. Kaplan
United States District Judge

Notwithstanding anything to the contrary herein, any papers filed under seal in this action may be made part of the public record on or after _____, 20___ unless the Court otherwise orders.

SO ORDERED.

Dated:

_____
U.S.D.J.

### ENDORSEMENT

Notwithstanding anything herein to the contrary,

(a)  unless the Court otherwise orders, any papers filed under seal in this action shall become part of the public record on the fifth anniversary of the date of this order, and

(b)  any party or non-party granted leave to intervene may object to the designation of any material as Confidential or the consequent sealing of any papers, in which event the designating party shall bear the burden of establishing good cause for continued confidential treatment.

SO ORDERED.

Dated:   May 14, 2008

_____
Lewis A. Kaplan
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNETTE ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN INTERNATIONAL GROUP, INC., ANTHONY DESTEFANO, and MATTHEW FRANKEL, <br><br> Defendants. | Case No. 08-CV-01724 (LAK)(JWG) |

I acknowledge and state the following:

1. My current full name and address is:

_____

_____

_____

2. Prior to receiving any information designated or marked as "Confidential," I was provided a copy of the Stipulated Discovery Protective Order in the above-captioned action, which I have fully read and understand.

3. I agree to be bound by the terms of the Stipulated Protective Order and to submit to the jurisdiction of the United States District Court for the Southern District of New York concerning the enforcement of its terms.

4. I agree not to discuss, disclose, or otherwise reveal in any way any information subject to the Stipulated Discovery Protective Order, except to such persons who are expressly permitted by its terms to view such information.

Date: _____

Signature: _____