UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
: 
LYNETTE ROBINSON :
:
Plaintiff, :
:
v. : Case No: 08-CV-01724 (LAK)(JWG)
:
AMERICAN INTERNATIONAL GROUP, INC., :
ANTHONY DESTEFANO, MATTHEW :
FRANKEL and AMERICAN HOME :
ASSURANCE COMPANY, :
:
Defendants. :
_____:

## Defendants' Amended Answer and Affirmative Defenses

Under the Federal Rules of Civil Procedure, Defendants American International Group, Inc. ("AIG"), Anthony DeStefano ("DeStefano"), Matthew Frankel ("Frankel"), and American Home Assurance Company ("AHAC") (hereinafter collectively referred to as "Defendants") answer Plaintiff's Amended Complaint and assert Affirmative Defenses as follows:

### First Defense

Defendants admit that Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), the Civil Rights Act of 1866 ("§ 1981"), the New York State Human Rights Law ("NYSHRL"), and the Administrative Code of the City of New York ("NYCHRL"); that this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1334(a)(4) and 1367; that venue is proper in this District under 28 U.S.C. §§ 1391(b)(2); that Plaintiff is an African-American female; that AIG is a Delaware corporation with its principal place of business in New York; that American Home Assurance Company ("AHAC") -- a subsidiary of AIG -- is a New York corporation with its principal place

of business in New York, New York; that Plaintiff was employed by AHAC within the meaning of ERISA, § 1981, the NYSHRL, and the NYCHRL from December 4, 1995 through her discharge on November 16, 2007; that defendant Anthony DeStefano ("DeStefano") is a Caucasian male who at all relevant times was employed by AHAC as a Director of Human Resources (and that DeStefano also had Human Resources responsibility over National Union Fire Insurance Company of Pittsburgh, Pa. -- also a subsidiary of AIG); that defendant Matthew Frankel ("Frankel") is a Caucasian male who at all relevant times was employed by AHAC as the President of its Warranty Division; that Plaintiff filed a charge of discrimination with the EEOC on February 28, 2008 naming AIG as the Respondent; that Plaintiff filed an Amended charge of discrimination with the EEOC on April 16, 2008 naming AHAC as a co-Respondent; that the EEOC issued a Right-To-Sue Notice to Plaintiff on these charges on April 23, 2008; and that Plaintiff filed her Amended Complaint within 90 days of her receipt of said Right to Sue Notice.

Defendants further admit that AIG is both the plan sponsor and administrator for the Supplemental Group Life Insurance Benefit Plan ("SGLI Plan") offered to employees of AIG and its subsidiaries; that Plaintiff was a participant in AIG's SGLI Plan from December 4, 1995 through December 17, 2007; that AIG's SGLI Plan provides a participating employee with supplemental group life insurance coverage ("coverage") equal to the employee's annual base salary rounded up to the highest $1,000; that the SGLI Plan currently allows a participating employee to purchase coverage in the amount equal to one, two, three, or four times the employee's annual salary, rounded up to the highest $1,000, to a maximum coverage of $1,000,000; that the cost of Plaintiff's SGLI Plan coverage was regularly deducted from her bi-weekly paychecks; that Nancy Pearlstein, a Caucasian supervisor in AIG's corporate benefits

department, provided Plaintiff with the necessary paperwork to request a reduction of her SGLIP coverage from two to one times her annual base salary; that Plaintiff completed that form which was then approved by Human Resources Manager Kathleen Mahony; that, on September 10, 2007, Pearlstein informed Plaintiff that no evidence of insurability was required to reduce her SGLIP coverage and referred Plaintiff to Dianne Rotondo for any information that Plaintiff needed regarding the conversion of her SGLIP coverage; and that Plaintiff's annual base salary at the time of her discharge on November 16, 2007 was $69,500.

Defendants deny all of the other allegations in Plaintiff's Complaint and deny that Plaintiff is entitled to any relief.

### Second Defense

Plaintiff's claims are barred for failure to state a claim upon which relief may be granted.

### Third Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Fourth Defense

Plaintiff's claims are barred in whole or in part for failure to comply with the applicable procedural prerequisites and/or failure to fully exhaust her administrative remedies prior to filing suit.

### Fifth Defense

Plaintiff's claims for damages must be offset by any failure on her part to mitigate her damages and/or by any mitigating earnings or other benefits. Furthermore, Plaintiff's claims for damages must be discarded to the extent that Plaintiff has alleged duplicative damages in each of the four causes of action in her Complaint.

## Sixth Defense

At all relevant times, Plaintiff's employer had an effective policy in place to address discriminatory harassment and Plaintiff failed to complain about discrimination at any time during her employment.

## Seventh Defense

Defendants at all times acted in good faith and without malicious, wanton, reckless, or in willful disregard of either federal, state or city anti-discrimination laws. As a result, Plaintiff has no viable claim for punitive damages. Further, Plaintiff's claim for punitive damages is likewise barred under Section 8-107(13)(e) of the NYCHRL.

## Eighth Defense

AIG was never Plaintiff's employer and, thus, all of Plaintiff's claims against AIG are barred for failure to state a claim. Instead, American Home Assurance Company ("AHAC") was Plaintiff's sole employer during all relevant times. While AHAC is a subsidiary of Defendant AIG, it is a wholly separate entity.

**WHEREFORE**, Defendants request that the Court:

(a)   dismiss Plaintiff's Complaint with prejudice;

(b)   award Defendants the costs of this action, including reasonable attorneys' fees; and

(c)   provide Defendants any other relief to which they may be entitled.

| | |
|---|---|
| Dated: June 30, 2008 | Respectfully submitted, |

     s/ Kristine Aubin
Michael J. Sheehan (MS-2958)
*(Pro Hac Vice)*
michael.sheehan@dbr.com
Kristine Aubin (KA-3689)
*(Pro Hac Vice)*
kristine.aubin@dbr.com
Drinker Biddle & Reath, LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

Janice B. Grubin (JG-1544)
janice.grubin@dbr.com
Drinker Biddle & Reath, LLP
140 Broadway, 39th Floor
New York, NY 10005
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

Attorneys for Defendants
American International Group, Inc., Anthony DeStefano, and Matthew Frankel

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing **Defendants' Amended Answer and Affirmative Defenses** was served via both the Court's ECF filing system and overnight delivery on this 30th day of June, 2008, upon:

> Vincent I. Eke-Nweke
> Law Office of Vincent I. Eke-Nweke, P.C.
> 498 Atlantic Avenue
> Brooklyn, NY  11217
> (718) 852-8300
> Counsel for Plaintiff

                                              s/ Kristine Aubin
                                              Kristine Aubin